United States District Court
Middle District of Florida
Jacksonville Division

BRYAN DOWNEY,

     **Plaintiff,**

**v.**                                                      NO. 3:24-cv-508-MMH-LLL

DUVAL COUNTY JAIL, ET AL.,

     **Defendants.**

---

### Order

Plaintiff, a prisoner proceeding on a pro se complaint for the violation of civil rights against the Duval County Jail and six officers, doc. 1, moves to amend his complaint, doc. 12, for appointment of counsel, doc. 13, and for service of the summons and amended complaint, doc. 14.[1] In his motion to amend, doc. 12, plaintiff explains he seeks to add the following: "another claim of legal mail violations"; a Sixth Amendment ineffective assistance of counsel claim; and a request for declaratory judgement. Upon review of the motion to amend and the proposed amended complaint, doc. 12-1, the Court concludes the motion is due to be denied. Plaintiff's

---

[1] Plaintiff previously moved to amend his complaint, doc. 10, but he failed to sign the proposed amended complaint, doc. 10-1. On August 26, 2024, the Court granted plaintiff's first motion to amend but directed him to submit a signed amended complaint for docketing. *See* Order, doc. 11. Before the Court issued that Order, however, plaintiff submitted a second motion to amend, doc. 12, with a signed proposed amended complaint, doc. 12-1, which he mailed on August 23, 2024. Under the mailbox rule, plaintiff filed his second motion to amend before the Court issued its Order on his first motion to amend. As such, the Court will vacate the portion of its August 26, 2024 Order granting plaintiff's first motion to amend.

original complaint, doc. 1, is deficient, and the proposed amended complaint, doc. 12-1, which incorporates all original claims and allegations, does not cure the deficiencies.

The Federal Rules of Civil Procedure provide in pertinent part, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b). Additionally, a plaintiff may set forth only related claims in one civil rights complaint; he may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and if "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F. 3d 1334, 1337 n.6 (11th Cir. 1998) (quoting *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)).

A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Though a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual

2

enhancement." *Id.* (internal quotation marks omitted). He should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). A court must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. A sheriff's office or jail is not a legal entity subject to suit under § 1983. *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of the sheriff's office because that entity did not have "the capacity to be sued").[2] To state a claim for a denial of access to the courts, a plaintiff must allege an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated

---

[2] Unpublished decisions are not binding. *See McNamara v. GEICO*, 30 F.4th 1055, 1061 (11th Cir. 2022). Any unpublished decisions cited in this order are deemed persuasive on the relevant point of law.

or impeded by . . . an official's action." *Barbour*, 471 F.3d at 1225 (citations omitted). The Eleventh Circuit has held a prisoner asserting an access-to-courts violation must allege the defendant's conduct interfered with a criminal appeal, a petition for habeas corpus, or a civil rights action. *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008) ("[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." (quoting *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998))).

With respect to inmates' privacy rights, the Supreme Court has held that cell searches do not violate the Fourth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 557 (1979) ("No one can rationally doubt that [cell] searches represent an appropriate security measure."). Finally, claims challenging criminal proceedings, including claims of ineffective assistance of trial counsel, are not cognizable in a civil rights action. Rather, such claims should be pursued through a habeas corpus action after available state remedies are exhausted. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Plaintiff's original and proposed amended complaints are deficient in the following ways: Plaintiff seeks to proceed against an entity not amenable to suit under

4

§ 1983 (the Jail); he joins multiple, unrelated claims (*e.g.*, separate incidents of interference with legal mail); and he seeks to proceed on claims that are not cognizable or plausible as alleged (*e.g.*, a denial of access to courts, invasion of privacy, and ineffective assistance of counsel). Accordingly, the Court will deny plaintiff's motion to amend, doc. 12, but nevertheless will direct him to file an amended complaint if he wants to proceed with this action. In amending his complaint, plaintiff must comply with the federal pleading standards discussed in this Order and the following instructions:

1. The amended complaint must be marked, "Amended Complaint," and include this case number (**3:24-cv-508-MMH-LLL**).

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of each defendant (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. The amended complaint (or a separate filing) must include current addresses for each defendant so the Court can direct service of process.

6. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts

giving rise to his individual claims for relief, and he should clearly state how each defendant is responsible for each alleged violation.[3]

7.    In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

8.    In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

9.    In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner [or detainee] must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

---

[3] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

6

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must neither exaggerate nor distort the facts but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both. An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

The Court also will deny plaintiff's motions requesting service of process and appointment of counsel, docs. 13, 14. First, the request for service of process is moot given plaintiff has not filed a sufficient complaint. Second, a plaintiff in a civil case has no constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). A court should appoint counsel in a civil case only in "exceptional circumstances." *Id.* In determining whether to appoint counsel, a court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in conducting cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in *Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

7

This case does not appear more complex than most civil rights cases litigated by prisoners who are untrained in the law and have limited resources available to them. Moreover, plaintiff's filings indicate he can present his positions and litigate on his own behalf. The Court may *sua sponte* reconsider plaintiff's request for appointment of counsel if the circumstances of the case change (for example, if the case proceeds to a settlement conference or trial).

It is **ordered**:

1.    The **Clerk** shall send plaintiff a Civil Rights Complaint form.

2.    The Court **denies** plaintiff's motion to amend, doc. 12.

3.    Plaintiff must file an amended complaint in compliance with this Order and the instructions on the Civil Rights Complaint form by **November 1, 2024**. Plaintiff's failure to comply with this Order may result in the dismissal of this case.

4.    The Court **denies without prejudice** plaintiff's motion for appointment of counsel, doc. 13.

5.    The Court **denies as moot** plaintiff's motion for service of summons and complaint, doc. 14.

6.    The Court **vacates** the portion of its Order granting plaintiff's first motion to amend, doc. 10. *See* Order, doc. 11 (¶¶ 2–4).

**Ordered** in Jacksonville, Florida on October 4, 2024.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Bryan Downey, #Y72316, pro se
       Lake Correctional Institution
       19225 U.S. Highway 27
       Clermont, FL 34715-9025