UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN DOWNEY,

               Plaintiff,

v.

                                       Case No. 3:24-cv-508-MMH-LLL

J.M. PERKINS, et al.,

               Defendant.

_____

## <u>ORDER OF DISMISSAL WTHOUT PREJUDICE</u>

Plaintiff, Bryan Downey, initiated this action by filing a pro se Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Doc. 1).[1] Downey now proceeds as a pauper on an Amended Complaint (Amended Complaint; Doc. 17).[2] He names six Jacksonville Sheriff's Office (JSO) employees as Defendants in their individual and official capacities: (1) Officer J.M. Perkins; (2) Sergeant K.M. Clarida; (3) Officer D.L. Grady; (4) Sergeant Cope; (5) Officer Farr; and (6) Officer Sullivan. Amended Complaint at 2-3, 12.

Downey alleges that on January 5, 2024, while he was being held at the Duval County Jail Pretrial Detention Facility (PDF), Defendant Perkins gave

_____

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] While Downey filed a motion for extension of time to file his Amended Complaint (Doc. 16; Motion), that Motion is moot because he timely filed the Amended Complaint.

him legal mail that had already been opened outside Downey's presence. Id. at 13. Downey contends Perkins opened the mail before providing it to him and shared its contents with his fellow officers "for strategic advantages" in Downey's then-pending state court prosecution on charges of battery on a law enforcement officer and resisting an officer with violence. Id. at 13-14. The charges stem from an incident at the PDF on February 13, 2023, and led to an unlawful use of force. Id. Downey further alleges that on January 5, 2024, Defendant Grady conducted a cell search, which Defendant Clarida approved, and removed Downey's legal papers for his pending trial. Id. at 20-21.

Next, Downey alleges on April 15, 2024, Defendant Farr, Defendant Sullivan, and Defendant Cope told him and his cellmate to "cuff up" and step out of their cell at a time Downey had "all of his legal mail and trial strategy about the February 13th 2023 incident spread out on his bunk" in preparation for his trial the next day. Id. at 25. Downey suggests these three Defendants conducted a cell search but spent "the next 15 to 20 minutes[] only reading the plaintiff[']s legal mail and trial strategy." Id. Last, Downey asserts that on the same day, Perkins read and uploaded some of Downey's legal mail onto the inmate tablet system, "making it available for any officer . . . to read." Id. at 33.

Downey alleges these actions violated his right to privacy under the First and Fourteenth Amendments and violated his constitutional right of access to

the courts. <u>Id.</u> at 3, 16, 22, 26-27, 33-34. Specifically, Downey suggests these actions allowed officers to gleam information regarding his trial strategy for his pending criminal case and caused the related officers to commit perjury. <u>Id.</u> at 14, 15-16, 20, 25-26, 33. Downey also asserts that these actions were taken to hinder any future civil rights action that Downey may pursue in regard to the February 13, 2023 use of force. <u>Id.</u> at 14, 22, 27, 34. As relief, Downey requests monetary damages, a declaratory judgment, fees and costs, as well as the termination of each Defendant's employment. <u>Id.</u> at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing <u>Battle v. Cent. State Hosp.</u>, 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed <u>in forma pauperis</u> which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," <u>id.</u> at 327, or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). "Frivolous claims include claims

'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke</u>, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. <u>Id.</u> As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. <u>Salvato v. Miley</u>, 790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397,

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

401 (11th Cir. 1986) (citation omitted); <u>Porter v. White</u>, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. <u>See</u> <u>Randall v. Scott</u>, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (per curiam) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u>

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Amended Complaint, the Court must read Downey's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Downey's Amended Complaint fails to state a plausible §

1983 claim. Initially, Downey has failed to state a claim against any Defendant

in his official capacity. "[W]hen an officer is sued under Section 1983 in his or

her official capacity, the suit is simply another way of pleading an action

against the entity to which an officer is an agent." Busby v. City of Orlando,

931 F.2d 764, 772 (11th Cir. 1991) (internal quotations and citations omitted).

Thus, a suit against Defendants in their official capacities is equivalent to

suing JSO itself. However, a sheriff's office or jail is not a legal entity subject

to suit under § 1983. Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x

696, 701 (11th Cir. 2013) (affirming dismissal of the sheriff's office because that

entity did not have "the capacity to be sued").[4] Accordingly, Downey has failed

to state a claim against Defendants in their official capacities.

Next, Downey has failed to adequately state a claim for denial of access

to the courts under the First Amendment. It is well-established that inmates

have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S.

817, 821 (1977); see Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003). To

state a claim for denial of access to the courts, a plaintiff must allege an actual

---

[4] The Court does not rely on unpublished opinions as binding precedent;
however, they may be cited in this Order when the Court finds them persuasive on a
particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022);
see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not
considered binding precedent, but they may be cited as persuasive authority.").

7

injury. Lewis v. Casey, 518 U.S. 343, 349–50 (1996); Barbour v. Haley, 471 F.3d 1222, 1225 (11th Cir. 2006). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." Barbour, 471 F.3d at 1225 (citations omitted). Therefore, "the plaintiff must identify within his complaint, a 'nonfrivolous, arguable underlying claim.'" Id. at 1226 (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)). Additionally, the plaintiff must show that the underlying nonfrivolous claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354–57; Cranford v. Nev. Dep't of Corr., 398 F. App'x 540, 546–47 (11th Cir. 2010).

Here, Downey merely states Defendants intended to "hinder" any future civil rights claim regarding the February 13, 2023 incident. This mere "formulaic recitation" of this element of the cause of action is insufficient, and Downey fails to allege sufficient facts to illustrate how the alleged actions "hindered" a future civil rights claim. Downey's only suggestion is that "officers are well aware" that a conviction for battery on a law enforcement officer or resisting arrest would bar him "from alleging Fourth Amendment violations under HECK." Id. at 15. However, this is an incorrect statement of the law. See Dixon v. Hodges, 887 F.3d 1235, 1238 (11th Cir. 2018) ("A prisoner may be punished for battery on a prison guard, and that prison guard may be held

8

liable for using excessive force on the prisoner in subduing him; both may be true."); <u>Dyer v. Lee</u>, 488 F.3d 876, 879 (11th Cir. 2007) (finding an excessive force claim "does not necessarily negate an element of the underlying charge of resisting arrest with violence"). Accordingly, Downey has failed to plausibly allege Defendants' conduct resulted in an actual injury, and thus has failed to state a denial of access-to-courts claim.

As to Downey's claim that Defendants' actions violated his right to privacy, he similarly fails to state a claim for relief. The Fourth Amendment ensures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. While prisoners do not "shed all constitutional rights at the prison gate," <u>Sandin v. Conner</u>, 515 U.S. 472, 485 (1995), "imprisonment carries with it the circumscription or loss of many significant rights," <u>Hudson v. Palmer</u>, 468 U.S. 517, 524 (1984). For instance, the Supreme Court has held that cell searches do not violate the Fourth Amendment. <u>Bell v. Wolfish</u>, 441 U.S. 520, 557 (1979) ("No one can doubt that [cell] searches represent an appropriate security measure."). Additionally, prisoners have no expectation of privacy in their personal effects. <u>Hudson</u>, 468 U.S. at 526 ("[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

Notably, several courts have extended the <u>Hudson</u> reasoning to the context of inmate mail. <u>See, e.g.</u>, <u>Robinson v. Pennsylvania Dep't of Corr.</u>, 851 F. App'x 289, 293 (3d Cir. 2021) (relying on <u>Hudson</u>, finding the plaintiff-inmate had "no reasonable expectation of privacy to trigger Fourth Amendment protections" with respect to the processing of non-privileged mail); <u>see also</u> <u>Marigny v. Hopkins Cnty. Jail Admin.</u>, No. 4:21-cv-P10-JHM, 2021 WL 4554493, at *3 (W.D. Ky. Oct. 5, 2021) ("[S]everal courts have held that the Fourth Amendment does not apply to the search and/or seizure of legal mail." (citing cases)).[5] As such, a prisoner's claim of interference with his mail, legal or otherwise, is more properly analyzed under the First Amendment. Indeed, "[m]ail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." <u>See</u> <u>Al-Amin v. Smith</u>, 511 F.3d 1317, 1333 (11th Cir. 2008). While prison officials may adopt policies regarding inmate mail, policies that implicate an inmate's First Amendment right must be "reasonably related to legitimate penological interests." <u>Turner v. Safely</u>, 482 U.S. 78, 89 (1987). Regardless, isolated incidents of interference with an inmate's incoming mail generally will not establish a constitutional violation.

_____

[5] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. <u>See</u> <u>Stone v. First Union Corp.</u>, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

See O'Connor v. Carnahan, No. 3:09-cv-224-WS/EMT, 2014 WL 293457, at *6 (N.D. Fla. Jan. 27, 2014) (citing Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)); see also Pro v. Bandy, Case No. 2:08-cv-0175-RWS, 2008 WL 4445080, at *3 (N.D. Ga. Sept. 25, 2008) (stating that "allegations of sporadic interference with incoming mail are insufficient to state a First Amendment claim"); Dees v. Lamar, No. 2:20-cv-1326-LSC-GMB, 2021 WL 1953137, at *10 (N.D. Ala. Mar. 4, 2021), rep. & recommendation adopted, 2021 WL 1661195 (Apr. 28, 2021) (dismissing the plaintiff's First Amendment mail interference claim where he alleged the defendants, on one occasion, delayed delivering his mail containing a money order). Instead, a plaintiff can show mail tampering violated his First Amendment rights where there was a "pattern or practice" of such tampering or where prison officials "regularly and unjustifiably interfered with" the plaintiff's legal mail. See Davis, 320 F.3d at 351.

Here, Downey describes isolated incidents that occurred on two different days separated by three months and involving different types of allegations against different actors. These disjointed and dissimilar incidents do not show either a pattern or practice of mail tampering or that officials "regularly and unjustifiably interfered with" Downey's legal mail. Because Downey fails to allege facts that, accepted as true, permit the reasonable inference his constitutional rights were violated, he has failed to state a claim in this regard.

Last, the Court notes that Downey is not entitled to certain relief sought. To the extent Downey requests that the Court order prison officials to enforce disciplinary actions against any Defendant, courts generally will not interfere with matters of prison or jail administration. See Bell, 441 U.S. at 547–48 ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial."). Federal courts do not have the power to order officials to take certain disciplinary actions against their employees. See LaMarca v. Turner, 995 F.2d 1526, 1543 (11th Cir. 1993) (holding that a court's requirement of a state official to discipline its correctional officers was an "inappropriate use of the court's equity powers."); see also Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977) ("We all understand, of course, that federal courts have no authority to address state officials out of office or to fire state employees or to take over the performance of their functions."), rev'd in part on other grounds by Alabama v. Pugh, 438 U.S. 781 (1978).

As such, Downey has failed to state any viable claim, and this case is due to be dismissed without prejudice to Downey's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim against a proper defendant if he elects to do so.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.      Downey's Motion for Extension of Time (Doc. 16) is hereby **DENIED** as **MOOT**.

2.      This case is **DISMISSED without prejudice.**

3.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of March, 2025.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12

C:      Bryan Downey, #Y72316